July 10, 2015

Court of Appeals
Third District of Texas
P.O. Box 12547
Austin, Texas 78711-2547

FILED
July 14, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

RECEIVED
JUL 1 4 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

RE: James Alan Weatherford v State of Texas
Trial Court Cause No. 12-0465-K277
Third Court of Appeals Cause No. 03-14-00528 CR

TO THE HONORABLE JUDGES OF SAID COURT:

I Respectfully submit my Response to Counsel's motion to withdraw and Brief to Trial Court Cause No. 12-0465-K277, Third Court of Appeals Cause No. 03-14-00528-CR. Please understand that I am not an attorney, and have Limited Resources. I would Like to Raise an issue For the Courts Consideration in Determining whether the Court Agrees or Disagrees with Appelant's Counsel's Assessment that no meritorious Grounds for Appeal exist, i.e. that no Reversible error exists.

On June 1, 2015, Appelants Counsel Filed a Brief Regarding Trial Court Cause No. 14-0874-K368, Third Court of Appeals Cause No. 03-14-00527-CR, Identifying an error of Ineffective Assistance of Counsel. I Incorporate By Reference the Statement of Facts and Appelant Counsels Argument set out in that Brief in This Response.

On July 10, 2014, the 368th District Court in Williamson County Granted a motion to Consolidate Cause No. 12-0465-K277 and Cause No. 14-0874-K368 for trial (R.R., III, pp 5-16).

## SUMMARY OF THE ARGUMENT

DUE TO CAUSE NO. 14-0874-K368 BEING CONSOLIDATED WITH CAUSE NO. 12-0465-K277 FOR A SINGLE TRIAL, MY ARGUMENT IS THAT IT WAS MY UNDERSTANDING THAT TRIAL COUNSEL'S ILL-ADVISED STRATEGY WAS APPLYING TO BOTH INDICTMENTS.

FOLLOWING MY PRETRIAL HEARING ON JULY 10, 2014, MY TRIAL COUNSEL, ACCOMPANIED BY ANOTHER ATTORNEY, INFORMED ME THAT THE PROSECUTOR IS PLANNING TO LIE TO, AND PUBLICALLY HUMILIATE MY 13-YEAROLD DAUGHTER IN FRONT OF THE JURY AND THE ENTIRE COURTROOM IN ORDER TO GET HER TO CRY, TO WIN THE SYMPATHY OF THE JURY. THEY WOULD EMOTIONALLY DESTROY HER. HE STATED THAT IF I WANTED TO AVOID HAVING HER GO THROUGH THAT, WE NEEDED TO WAIVE THE JURY AND HAVE A TRIAL BY JUDGE. I ASSUMED THAT THE JUDGE WOULD DETERMINE MY GUILT/INNOCENCE. AFTER 2½ YEAR OF ASKING MY TRIAL COUNSEL WHAT MY DEFENSE IS, WITH NO RESPONSE, HE FINALLY REVEALED THAT HIS STRATEGY IS TO "KEEP THE EVIDENCE OUT". THIS STRATEGY WAS NOT SPECIFIC TO ANY SINGLE INDICTMENT. DRAWING ON MY EMOTIONS TO PROTECT MY DAUGHTER FROM WHAT THE PROSECUTOR WOULD DO TO HER, I AGREED TO HAVE A TRIAL BY JUDGE.

ON SATURDAY, JULY 19, 2004 2014, TWO DAYS BEFORE JURY SELECTION, MY TRIAL COUNSEL, ACCOMPANIED BY THE SAME ATTORNEY AFTER PRETRIAL, INFORMED ME THAT THE PROSECUTOR HAS A RIGHT TO A JURY TRIAL, WHICH SHE WAS GOING TO HAVE. INSISTING THAT HE NEEDED TO BYPASS THE

JURY TO GET TO THE JUDGE, HE STRONGLY RECOMMENDED THAT I PLEAD GUILTY TO ALL COUNTS IN BOTH INDICTMENTS. WHEN I REFUSED, BOTH MY TRIAL COUNSEL, AND THE OTHER ATTORNEY, BEGAN PRESSURING ME BY REMINDING ME WHAT THE PROSECUTOR WAS PLANNING TO DO TO MY DAUGHTER. HE SAID THAT IF I REALLY WANTED TO AVOID HAVING MY DAUGHTER GO THROUGH THAT, THEN I NEEDED TO TRUST HIM. ALTHOUGH I EXPRESSED MY CONCERNS ABOUT PLEADING GUILTY, HE NEVER EXPLAINED TO ME WHAT THE CONSEQUENCES WERE. HE STATED THAT PLEADING GUILTY WOULD NOT MATTER BECAUSE IT WILL BE BASED ON "THE WEIGHT OF THE EVIDENCE". HE STATED THAT WHEN THE JUDGE SEE'S THE EVIDENCE HE WILL KNOW THAT MY PLEA IS UNSUPPORTED. HE STATED TO ME THAT HE CAN THEN SHOW THE JUDGE THAT WE ARE MAKING EFFORTS TO COOPERATE WITH THE COURT TO MOVE THIS CASE FORWARD AND IT WILL REVEAL THE PROSECUTION'S ATTEMPTS AS "OVER-REACHING". I AGREED TO HIS STRATEGY ONLY ON THE BASIS THAT THE PROSECUTOR DISMISS THE SECOND DEGREE COUNTS 1-9 IN CAUSE NO. 12-0465-K277, AND THE SECOND DEGREE COUNTS 1-4 IN CAUSE NO. 14-0874-K368. IN ADDITION, REDUCE THE NUMBER OF THE THIRD DEGREE COUNTS IN BOTH INDICTMENTS, SINCE I WAS NEVER ALLOWED TO SEE ANY OF THE EVIDENCE AGAINST ME AND DID NOT RECOGNIZE THEM. MY TRIAL COUNSEL AGREED TO SPEAK WITH THE PROSECUTOR, AND IF SHE REFUSED THEN HE WOULD RETURN THE NEXT DAY ON SUNDAY TO DISCUSS A DIFFERENT APPROACH. HE STATED IF THE PROSECUTOR AGREES, THEN I WOULD NOT SEE HIM UNTIL MONDAY, THE DAY OF JURY SELECTION. I DID NOT

SEE MY TRIAL COUNSEL UNTIL MONDAY MORNING WHILE SITTING IN THE HOLDING CELL WAITING FOR TRIAL TO BEGIN. HE CAME IN AND INFORMED ME THAT THE PROSECUTOR HAS AGREED TO OUR OFFER. HE THEN WENT TO THE JUDGE AND THE JURY SELECTION WAS WAIVED. HOWEVER, WHEN MY TRIAL COUNSEL BROUGHT ME THE PAPERS TO SIGN FOR BOTH INDICTMENTS, I NOTICED THAT COUNT'S 1-9 IN CAUSE NO. 12-0465-K277 WERE REDUCED TO THIRD DEGREES, BUT ONLY COUNT 1 IN CAUSE NO. 14-0874-K368 WAS DISMISSED. WHEN I TOLD HIM I WAS NOT GOING THROUGH WITH HIS STRATEGY BECAUSE SHE DID NOT ACCEPT THE OFFER, HE STATED THAT I CAN'T BACK OUT NOW BECAUSE IT WOULD ANGER THE JUDGE. HE URGED ME TO PLEAD GUILTY ANYWAY STATING AGAIN THAT IT WOULD NOT MATTER BECAUSE IT IS GOING TO BE BASED ON "THE WEIGHT OF THE EVIDENCE". HE STATED THAT IT WAS THE ONLY WAY TO PROTECT MY DAUGHTER. HE NEVER EXPLAINED TO ME WHAT THE CONSEQUENCES OF MY ACTIONS WOULD BE. I WAS STILL UNDER THE ASSUMPTION THAT I WAS WALKING INTO A TRIAL BY JUDGE, AND THAT THE EVIDENCE HE KEPT REFERRING TO WAS HIS MITIGATING EVIDENCE AND FORENSIC REPORT THAT HE CLAIMED HE HAD. CONFUSED AND UNINFORMED, I DID NOT REALIZE IT WOULD BE A PUNISHMENT HEARING. MY TRIAL COUNSEL THEN INSTRUCTED ME TO STAND UP STRAIGHT BEFORE THE JUDGE AND SPEAK WITH CONFIDENCE WHEN GIVING MY PLEA, BECAUSE IF THE JUDGE SUSPECTS THAT MY PLEA IS NOT SINCERE, HE WOULD ORDER A JURY TRIAL. HE STATED THAT HE NEEDED TO GET TO THE JUDGE.

## CONCLUSION

HAVING NOMINAL REPRESENTATION AT TRIAL OR DURING A HEARING DOES NOT SUFFICE TO RENDER SUCH REPRESENTATION CONSTITUTIONALLY ADEQUATE. A PARTY WHOSE LEGAL COUNSEL IS UNABLE TO PROVIDE EFFECTIVE REPRESENTATION IS IN NO BETTER POSITION THAN SOMEONE WHO HAS NO COUNSEL AT ALL, AND INDEED, WHEN COUNSEL PERFORMS DURING A PLEA SETTING AND PUNISHMENT HEARING AS COUNSEL DID IN THIS CASE, MAY BE WORST OFF.

BECAUSE CAUSE NO. 14-0874-K368 WAS CONSOLIDATED WITH CAUSE NO. 12-0465-K277 IN THIS TRIAL, COUNSEL'S DEFICIENT PERFORMANCE HARMED ME SIGNIFICANTLY, DENIED ME THE OPPORTUNITY TO PARTICIPATE IN MY DEFENSE, AND IMPACTED THE OUTCOME OF THIS CASE.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, I, AS APPELLANT, RESPECTFULLY PRAY THAT THIS HONORABLE COURT CONSIDER MY RESPONSE, AND THE POINT OF ERROR IDENTIFIED IN CAUSE NO. 14-0874-K368 IN IT'S REVIEW OF CAUSE NO. 12-0465-K277, REVERSE THE TRIAL COURT AND REMAND THE CASE FOR A NEW TRIAL.

RESPECTFULLY SUBMITTED

*James Alan Weatherford*

JAMES ALAN WEATHERFORD
APPELLANT

JAMES WEATHERFORD #01953853
MIDDLETON UNIT
13055 F.M. 3522
ABILENE, TEXAS 79601

ABILENE TX 795
10 JUL 2015 PM 1·T

LEGAL
MAIL

Jeffrey D. Kyle, Clerk
THIRD Court of Appeals
P.O. Box 12547
Austin, Texas 78711-2547

78711+2547